UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DIANE C. PETILLO,

<div style="margin-left:2em">Plaintiff,</div>

-against-

THE COUNTY OF NASSAU, SAM LITTMAN,
and CARNELL FOSKY, (individually and in
their official capacities),

<div style="margin-left:2em">Defendants.</div>
------------------------------------------------------------------X

**COMPLAINT**

**Jury Trial Demanded**

Docket No.: 18-CV-3004

Plaintiff, DIANE C. PETILLO, by and through her attorneys, RICOTTA & MARKS, P.C., complaining of the Defendants herein, alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983, to redress violation of Plaintiff's constitutional rights in the terms, conditions and privileges of employment of Plaintiff by the Defendant, as well as deprivation by the Defendant, acting under color of law, of the policies, ordinances, custom and usage of rights, privileges and immunities secured to the Plaintiff by the Fourteenth Amendment to the Constitution of the United States and all the laws and statutes thereunder, the New York State Human Rights Law ("NYSHRL"), §290, *et seq.*, and any other cause of action which can be inferred from the facts set forth herein.

2. The jurisdiction of this Court is invoked under 28 U.S.C. §1331, the doctrine of pendent jurisdiction and the aforementioned statutory and constitutional provisions.

3.     Venue is proper pursuant to 28 U.S.C. §1391.

4.     A charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") and a Right to Sue letter has been requested.    Upon receipt of same, Plaintiff will amend this complaint or seek leave to amend, to formally add her claims under the Americans with Disabilities Act.    Furthermore, a Notice of Claim was timely served upon Defendant.

## PARTIES

5.     Plaintiff, Diane C. Petillo ("Petillo" or "Plaintiff") was and still is a resident of Nassau County, State of New York.

6.     Defendant, the County of Nassau ("the County" or "Nassau"), was and is a municipal entity with its principal place of business located at 1 West St., Mineola, New York, 11501.

7.     Defendant, Sam Littman ("Littman"), is/was, at all relevant times, the Bureau Chief for the Nassau County Attorney's Office, within the General Litigation Bureau, and at all relevant times, was Plaintiff's supervisor.    Littman was and/or is responsible for the hiring, firing, promotion and discipline of employees and other employment related issues.    Additionally, Littman is a policymaker for the County, charged with the responsibility of insuring that employees are not subjected to discriminatory and/or retaliatory practices.    Littman had the power to make personnel decisions regarding Plaintiff's employment.    Littman aided, abetted, incited, or compelled the unlawful conduct outlined herein.

2

8.     Defendant, Carnell Foskey ("Foskey"), is/was, at all relevant times, the County Attorney for the County, and at all relevant times, was Plaintiff's supervisor. Foskey was and/or is responsible for the hiring, firing, promotion and discipline of employees and other employment related issues.   Additionally, Foskey is a policymaker for the County, charged with the responsibility of insuring that employees are not subjected to discriminatory and/or retaliatory practices. Foskey had the power to make personnel decisions regarding Plaintiff's employment.   Foskey aided, abetted, incited, or compelled the unlawful conduct outlined herein.

## FACTS

9.     Petillo is a female who is an attorney in good standing within the State of New York.

10.    On July 21, 2008, Petillo was hired by the County as a Deputy County Attorney.

11.    Petillo was initially assigned to work in the General Litigation Bureau, wherein she handled Federal Court litigation.

12.    In or around 2013, Foskey became the County Attorney for the County, and, as such, became Petillo's supervisor.

13.    Around that time, the County merged the General Litigation Bureau with the Torts Bureau (which handled State Court litigation) to create the Litigation Bureau for the County. The concept behind this change was that everyone should be able to

appear and handle both state and federal matters.

14.   During the course of her employment with the County, Petillo handled state and federal court litigation and performed all aspects of her job in a satisfactory manner, as reflected by the fact that, from 2013 up to her wrongful termination, Petillo received two merit salary increases.

15.   On July 14, 2016, Petillo was injured when, while attending a CLE that all attorneys were required to attend, and a softball game that followed, which attorneys were required to attend, she suffered a complete tear of the hamstring tendons in her right leg.   This disability impacted Petillo's ability to walk, drive, sit, and stand.

16.   As a result of this injury, Petillo required extensive physical therapy and medical treatment, submitted a Workers' Compensation claim, and ultimately was out of work from July 15, 2016 through February 27, 2017.

17.   On September 21, 2016, while Petillo was out on disability leave, she received a phone call Littman, Bureau Chief, who inquired when she was returning to work. Littman indicated that he needed to know due to upcoming trials that they wanted to assign to her.

18.   On January 5, 2017, Petillo received a letter from Foskey alleging that an IME doctor confirmed that she could return to work and that, if Petillo failed to do so, she would be deemed to have abandoned her job.   This, however, was false and Petillo had not, at that point, been cleared to return to work by her doctor.

19.     On February 17, 2017, through an independent medical examination by a Dr. Michaels, Petillo was determined to have a moderate, partial disability, and able to return to work with the following restrictions:   "She can return to work with restrictions of no heavy lifting greater than 20 lbs, limited ambulation including stair climbing of not more than 2 per day cumulative. She should be allowed to get up and walk around every hour for 5 minutes.   She should not be working at heights.   Her hours may have to be restricted at the beginning to part-time work four hours per day and can be advanced as she transitions to a return to full duty."

20.     On February 24, 2017, Alpa Sanghi ("Sanghi"), the County's EEO Representative, notified Petillo via email that the County granted the requested reasonable medical accommodations, and that her accommodations would be reviewed every three months, with an initial reassessment date of May 26, 2017.   The specific accommodation granted was that Petillo, "may work a part-time shift starting at 9:30 A.M for the remainder of the school year and end your day at 1:30 p.m. Monday through Friday; you will be provided a chair with no arms; limited court appearances; limited driving and walking; no lifting more than 20 lbs and permission to take breaks from sitting and standing as needed."

21.     On or about February 27, 2017, Petillo returned to work.   Upon her arrival, Petillo still had a pronounced limp.   Nonetheless, and despite her accommodations, she was immediately sent to court to cover a conference.

22.     From that point thereafter, the County continued to fail to provide Petillo her accommodations and/or retaliated against her for requiring said accommodations.

23.     Moreover, comments were regularly made of a derogatory nature regarding her disability and the fact that she required accommodations.

24.     For example, on March 23, 2017, Foskey saw Petillo by the elevator and looked her up and down, stating "You're walking better.   You're off crutches."

25.     Additionally, on April 4, 2017, Littman commented to Petillo, while assigning her discovery on a case, that it was "a good sit at your desk kind of thing."   Littman made this type of comment repeatedly from the time Petillo returned to the office up to the time she was terminated.

26.     On or around April 24, 2017, Petillo was continuing to perform her job in a satisfactory manner, notwithstanding her disability, as evidenced by the fact that she was part of a trial team that obtained a defense verdict for the County.

27.     In early May 2017, Petillo's office had a water leak that, despite her reporting, went unattended.   As a result, the floor of her office was wet and her office began to smell due to mold and mildew developing.   Despite her requests to have the issue resolved, nothing was done forcing her to move to a vacant office, and carry her files and belongings to the office, without any assistance.   She also then had to limp back and forth between offices, on a daily basis, in order to obtain files for which she had to perform work.

28.     On or about May 15, 2017, Petillo discussed, by phone, an upcoming trial with Littman that was being held in the Eastern District located in Brooklyn.   Littman told Petillo she would handle the trial, knowing full well that her accommodations

would not permit her to work the hours a trial would require, nor engage in the travel that a trial in Brooklyn would necessitate.   When Petillo advised Littman that, due to her accommodations, she could not handle the trial, Littman became agitated and questioned, derisively, if there were medical documents that say that.

29.    On May 24, 2017, during her accommodation period, Petillo was terminated from her employment due to her disabilities and in retaliation for her protected activities (i.e. having requested accommodations and objecting to work outside the scope of her accommodations).    When Petillo inquired as to the reason for her termination, she was advised that the County did not have to give her a reason and was not going to do so.

30.    Based on the foregoing, Petillo alleges that Defendants subjected her to unlawful discrimination due to her disability, and/or retaliated against her due to her engaging in protected activities in violation of her Equal Protection rights, as well as the New York State Human Rights Law and the Americans with Disabilities Act.

31.    As a result of the above, Petillo has suffered emotional and physical damage, as well as lost pay and benefits as well as prospective (front) lost pay and benefits.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER FEDERAL LAW

32.    Plaintiff repeats, reiterates, and realleges each and every allegation in the above paragraphs of this complaint.

33.     Defendants, while acting under color of state law, deprived Plaintiff of her constitutional rights, as secured by the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. §1983.   The Defendant has intentionally committed, condoned or were deliberately indifferent to the aforementioned violations of Plaintiff's constitutional rights in that the Defendant's custom or practice of discriminating and/or retaliating against Plaintiff due to Plaintiff's disability and requests for accommodations for same to perpetuate, without abatement, in violation of Plaintiff's constitutional and statutory rights pursuant to 42 U.S.C. § 1983.

34.     The individual Defendants, Littman and Foskey, unlawfully participated in and/or permitted the aforementioned discriminatory actions and/or hostile work environment due to Plaintiff's age to perpetuate, without abatement, in violation of Plaintiff's constitutional and statutory rights pursuant to 42 U.S.C. § 1983.

35.     By reason of Defendant's violation of plaintiff's rights, plaintiff has suffered a loss of monetary benefits associated with his employment in addition to suffering physical, emotional, and other damages.   Plaintiff is also entitled to all forms of equitable relief, which may alleviate and/or redress the unlawful activities described above.

### AS A SECOND CAUSE OF ACTION
### FOR DISCRIMINATION UNDER STATE LAW

36.     Plaintiff repeats, reiterates, and realleges each and every allegation in the above paragraphs of this complaint.

37.     As described above, Defendant the County has unlawfully discriminated against Plaintiff due to her disability in violation of the New York State Executive Law, the Human Rights Law, §296 by subjecting her to a hostile work environment, adverse employment actions, and an atmosphere of adverse employment actions.

38.     The individual Defendants, Littman and Foskey, aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of New York State Executive Law, Human Rights Law § 296(6).

**AS A THIRD CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**

39.     Plaintiff repeats, reiterates, and realleges each and every allegation in the above paragraphs of this complaint.

40.     Plaintiff has been subjected to a hostile work environment, adverse employment actions, and an atmosphere of adverse employment actions in retaliation for her engaging in protected activities.   Defendant, the County's actions are in violation of the New York State Executive Law, the Human Rights Law, §296.

41.     The individual Defendants, Littman and Foskey, aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of New York State Executive Law, Human Rights Law § 296(6).

WHEREFORE, Plaintiff demands judgment against defendants for all compensatory, emotional, physical, and punitive damages (against individual defendants where applicable), lost pay, front pay, injunctive relief, reinstatement, and any other

damages permitted by law.    It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.    Plaintiff demands a trial by jury.

Dated: Long Island City, New York
       May 21, 2018

                            RICOTTA & MARKS, P.C.
                            *Attorneys for Plaintiff*
                            31-10 37th Avenue, Suite 401
                            Long Island City, NY 11101
                            (347) 464-8694

                            Thomas Ricotta